## C. C. Ridinger, Appellee, v. Toledo, Peoria & Western Railway Company, Appellant.

### Gen. No. 5566.

INSTRUCTIONS—*refusal of, containing theory of defense.* It is error to refuse the only instruction which fairly and fully presents the theory of the defendant's defense.

Appeal from the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 13, 1912.

STEVENS, MILLER & ELLIOTT and NORTON & ORTMAN, for appellant.

BERT W. ADSIT, for appellee.

MR. JUSTICE MORTON W. THOMPSON delivered the opinion of the court.

On June 4, 1908, plaintiff shipped six horses from Saunemin to Washington, Illinois, over the Wabash Railroad and The Toledo, Peoria & Western Railway, Saunemin being on the Wabash and Washington being on the Toledo, Peoria & Western. The car was ordered from Mr. McIlroy the agent of the Wabash, at Saunemin, some days before, and the shipping contract was signed and the freight charges paid by plaintiff to the agent at Saunemin. Plaintiff loaded the horses about five o'clock and the car was taken by the Wabash about seven o'clock and delivered to

the Toledo, Peoria & Western at Forrest about eight o'clock that evening where it remained until about one o'clock the next morning, when it was taken by appellant and delivered at Washington about six A. M. June 5th.

Plaintiff testified that when he loaded the horses he put two mares in the north end, one mare in the south end, and the mare Rosetta on the east side about the middle of the car, tied to a brace rod about four feet above the floor, with a half inch rope and leather halter. Plaintiff went with the horses and rode in the caboose, and says that he examined the horses at Forrest fifteen or twenty minutes before they started for Washington, and found them all right; that somewhere between Forrest and Washington he was awakened by a jar of the caboose; that he unloaded the car about six o'clock and found the mare Rosetta in the middle of the car with her halter rope broken, and from stains on her sides she had evidently been down in the car; that she was standing with her head down, kind of drawn up, and when being taken off the car and to the barn she did not walk right, refused water and did not eat all of her feed; that later he started to lead them to the farm, but this one did not lead up and he had to leave her about three miles out at Mr. Ficht's; that he sent a veterinary out to treat her, and she died that night; that she was a Percheron brood mare, twelve years old, blind in one eye and could not see well with the other, and was worth between three hundred and three hundred and fifty dollars; that he had filed a claim with the Wabash agent for one hundred dollars.

This suit was against both roads, and at the close of plaintiff's case, the court, on motion of the Wabash road the suit was dismissed as to it. There was a verdict and judgment against appellant for two hundred and seventy-five dollars, and it appeals and assigns errors. As the case will have to be reversed

and remanded, and as some of the errors complained of will probably not occur on another trial, we will refer only to the following.

Plaintiff was permitted to give, over appellant's objection, the conversation with the Wabash agent concerning this shipment, and appellant insists that it was not competent against it. Aside from the fact that plaintiff's direct evidence did appellant no harm, appellant offered the shipping contract in evidence, claiming the benefit of its terms, and accepted and delivered the car according to its provisions. The contract was for a through shipment from Saunemin to Washington by the Wabash Railroad "and its connecting lines." Besides the Wabash Railroad was a defendant at the time this conversation was detailed.

Instruction No. 15 refused, told the jury that if they believed from the evidence that plaintiff's mare at the time she was loaded, had some internal malady which was aggravated by the ordinary motion or jar of the train, and as a consequence thereof the death of the mare followed, and that such ordinary motion or jar of the train and not any negligence on the part of the defendant, was the cause of her death, then you should find the defendant not guilty. There was evidence in the case on which to base this instruction, and no instruction was given, which in any way announced that principle, and it should have been given. We find no error in the ruling of the court upon the other instructions.

Appellant complains of the action of the trial court in refusing to admit defendant's exhibits 1 and 2, but neither is abstracted, and we will not consider them. For the above errors the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*